961 F.2d 221
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James Diamond WAINWRIGHT, a/k/a Curtis D. Wilson, a/k/a
Derrick Davis, Defendant-Appellant.
 No. 91-3394.
 United States Court of Appeals, Tenth Circuit.
 April 24, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this panel. See Fed.R.App.P. 34(e); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This is an appeal from the denial of a motion to correct sentence. Defendant maintains he should have been sentenced under the guidelines because the crime to which he pled guilty was a "straddle" offense which commenced before the effective date of the guidelines and ended thereafter. His basic premise is erroneous.
 
 
 3
 Although defendant was charged in a multi-count indictment with a series of bank frauds which extended beyond the effective date of the guidelines, the count to which he pled was a discrete crime which was completed prior to November 1, 1987. That fact is not altered because he thereafter participated in another fraudulent transaction. Accordingly, the district court correctly applied a non-guideline sentence. The mandate shall issue forthwith.
 
 
 4
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3